UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MICHAEL D. ARRINGTON,**
  Plaintiff,

v.                                    Case No. 15-62326-CIV-GAYLES

**HARRY M. HAUSMAN, et al.,**
  Defendants,
_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record.

Defendants Harry M. Hausman, Esq., and Harry M. Hausman Attorney at Law filed a Motion to Dismiss for Lack of Jurisdiction in this action on January 4, 2016 [ECF No. 11]. Defendant Louis Jerry Cohn filed a Motion to Dismiss for Failure to State a Claim on January 5, 2016 [ECF No. 12]. According to Southern District of Florida Local Rule 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). Allowing time for mailing, *pro se* Plaintiff Michael D. Arrington's responses in opposition to both motions would have been due no later than January 25, 2016. *See id.* R. 7.1(c)(1)(A). To date, Mr. Arrington has not filed any responses, nor has he requested any extension to do so.

A district court has the authority to *sua sponte* dismiss a case under either Rule 41(b) or the court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). More specifically, a district court may, in its discretion, dismiss an action for failure to comply with local rules, such as those mandating the time for response to motions. *Wieckiewicz v. Educ. Credit Mgmt. Corp.*, 443 F. App'x 449, 450 (11th Cir. 2011) (per

curiam). While a dismissal *with* prejudice for failure to comply with local rules is a "drastic sanction," which may be used "only as a last resort when '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice,'" *Rex v. Monaco Coach*, 155 F. App'x 485, 486 (11th Cir. 2005) (per curiam) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)), a district court is afforded far greater discretion in dismissing *without* prejudice, as a dismissal in this manner is not considered an adjudication on the merits, *see Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (per curiam). *See also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (per curiam) (explaining that a district court must make findings of contumacious conduct and no sufficient lesser sanctions only when dismissing a case "with prejudice or the equivalent thereof").

  The Court recognizes Mr. Arrington's *pro se* status, as well as the admonition that rules like Local Rule 7.1(c) are not to be applied if their application "result[s] in draconian solutions or dispositive relief against a pro se litigant unaware of the effect of a court's local rules." *Pineda v. Am. Plastics Techs., Inc.*, No. 12-21145, 2014 WL 1946686, at *4 n.2 (S.D. Fla. May 15, 2014). That said, the Court finds that Mr. Arrington has previously been made aware of Local Rule 7.1(c), the basis for this Order. In his prior lawsuit in this District against Mr. Hausman litigated last year, based upon the same facts as the current lawsuit, Judge Dimitrouleas issued an order to show cause when Mr. Arrington failed to respond to Mr. Hausman's motion to dismiss. Invoking Local Rule 7.1(c), Judge Dimitrouleas informed Mr. Arrington of his then-current failure to respond and then instructed him that a failure to timely respond to the order to show cause may

result in dismissal of the action. *See* Order to Show Cause, *Arrington v. Hausman*, No. 15-60642, ECF No. 14 (S.D. Fla. June 4, 2015).[1]

Based on what transpired in the prior litigation, this Court is satisfied that Mr. Arrington is sufficiently aware of the Local Rule governing dismissal by default for a failure to respond. *Cf. Pierce v. City of Miami*, 176 F. App'x 12, 14 & n.2 (11th Cir. 2006) (per curiam) (vacating district court's dismissal of the plaintiff's complaint for failure to respond pursuant to Local Rule 7.1(c) because "there [was] no evidence that [the plaintiff] was made aware of Local Rule 7.1C [sic], the basis for the court's order"). And Mr. Arrington has, in this second litigation, failed to respond to a motion to dismiss filed by Mr. Hausman. He has also failed to respond to the motion to dismiss filed by Mr. Cohn. The Court therefore acts well within its discretion by dismissing this case without prejudice under its inherent power, pursuant to Southern District of Florida Local Rule 7.1(c), due to Mr. Arrington's failure to respond to the Defendants' motions to dismiss. Accordingly, it is

**ORDERED AND ADJUDGED** that the Defendants' motions to dismiss [ECF Nos. 11 & 12] are **GRANTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of February, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The full caption of the Order read "Order to Show Cause Why This Court Should Not Grant Defendants' Motion to Dismiss **By Default** and/or Dismiss for Lack of Jurisdiction" (emphasis added).

Mr. Arrington responded to the order to show cause. After considering that response, Judge Dimitrouleas dismissed the case without prejudice for lack of subject matter jurisdiction because Mr. Arrington's Complaint failed to satisfy 28 U.S.C. § 1332's amount-in-controversy requirement. *See* Order of Dismissal, *Arrington v. Hausman*, No. 15-60642, ECF No. 16 (S.D. Fla. June 30, 2015).